UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARGARET WATSON,

                Plaintiff,                      NOT FOR PUBLICATION
                                                      MEMORANDUM & ORDER
      - against -                           11-CV-00335 (CBA) (CLP)

CITY OF NEW YORK and
CAMERON EVELYN,

                Defendants.
------------------------------------------------------------------x
AMON, Chief United States District Judge.

        On June 14, 2011, plaintiff Margaret Watson commenced this action against the City of New York and Officer Cameron Evelyn, pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments. Currently before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Cheryl L. Pollak, recommending that the Court grant defendants' motion to enforce the terms of the settlement reached between defendants' counsel and Watson's counsel of record at the time and dismiss the case in accordance with the settlement.

        On December 28, 2012, Michael B. Lumer, Esq., Watson's counsel of record at the time, and defendants' counsel reached a settlement, whereby Watson would receive $13,500 in full satisfaction of her claims in this matter, including attorney's fees and costs. (Def.'s Mem. at 1-2; Zuckerman Decl. ¶ 5, Ex. B; Tr.[1] at 8.) Defendants confirmed the agreement in writing by email on the same date, also stating that they would require that Watson "execute our standard release language re releasing all civil rights actions from the beginning of the world to present." (Zuckerman Decl. ¶ 7, Ex. B.) The next day, defendants transmitted their "standard settlement documentation in accordance with [the] agreement" (Tr. at 4), to which they received no

---

[1] Citations to "Tr." refer to the transcript of the August 2, 2012 evidentiary hearing held on the matter before Magistrate Judge Pollak.

1

objection. (Def.'s Mem. at 2.)

In January 2012, Lumer informed defendants' counsel that Watson was reneging on the settlement agreement. (Def.'s Mem. at 2.) Due to a "dispute that had arisen" between himself and Watson, Lumer subsequently moved by letter dated March 8, 2012, to withdraw as Watson's counsel. (DE #15.) The Court granted Lumer's request to withdraw on March 13, 2012. (DE #16.)

On May 3, 2012, defendants moved to enforce the terms of the settlement agreement reached with Lumer before his withdrawal from the case. (DE #22.) Watson, by this time proceeding pro se, filed no response to the motion. She did, however, appear at an evidentiary hearing held on the matter on August 2, 2012 before Magistrate Judge Pollak, a conference that Lumer and counsel for defendants also attended. Thereafter, on October 24, 2012, Magistrate Judge Pollak issued a R&R recommending that the Court grant defendants' motion to enforce the terms of the settlement that Lumer, on behalf of Watson, entered into with defendants' counsel and dismiss the case with prejudice in accordance with the settlement. (DE #30.) According to Magistrate Judge Pollak's thorough and persuasive analysis, enforcement of the settlement agreement is appropriate because (1) the evidence indicates that the parties intended to be bound by the oral agreement to settle the matter reached on December 28, 2012, and (2) in light of the absence of any evidence to the contrary, Lumer, as Watson's counsel of record at the time, had the authority to enter into a binding settlement agreement on her behalf. (R&R at 7-8.)

Neither party has objected to the R&R and the time for doing so has passed. When deciding whether to adopt a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district

court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Pollak's R&R as the opinion of the Court.

Accordingly, the Court grants defendants' motion to enforce the terms of the settlement that was reached with Lumer prior to his withdrawal from the case. The Court, moreover, dismisses this case with prejudice in accordance with the settlement agreed to by the parties. The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 3, 2012

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge